IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BLUE VALLEY HOSPITAL, INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**ALEX M. AZAR II,** in his official capacity as Secretary, United States Department of Health and Human Services,<br>**SEEMA VERMA,** Administrator for the Center of Medicare and Medicaid Services, and<br>**JEFF HINSON**, Regional Administrator for (Region 7) the Center for Medicare and Medicaid Services,<br><br>    **Defendants.** | Case No. 18-2176-JAR-GLR |

## MEMORANDUM AND ORDER

On June 7, 2018, this Court dismissed this case for lack of subject matter jurisdiction.[1] The next day, Plaintiff Blue Valley Hospital, Inc. ("BVH") filed a notice of appeal with the Tenth Circuit Court of Appeals.[2] Before the Court is Plaintiff's Emergency Motion for an Injunction Pending Appeal (Doc. 34) pursuant to Fed. R. Civ. P. 62(c), filed June 12, 2018.[3] Defendants have responded and oppose the motion.[4] The Court set the matter for a telephone hearing, but upon review of the parties' submissions determines oral argument will not assist in the determination of the motion and is thus prepared to rule. For the reasons explained in detail

---

[1] Doc. 28. For purposes of the instant motion, the Court assumes familiarity with that decision, which is incorporated by reference herein.

[2] Doc. 31.

[3] The Federal Rules of Appellate Procedure provide that a party "must ordinarily move first in the district court" for an order "granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1).

[4] Doc 37.

below, Plaintiff's motion is denied.

## I. Standards

When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court.[5] An exception exists under the Federal Rules of Civil Procedure, however, that allows the district court to retain jurisdiction to issue an order to preserve the status quo while a case is pending appeal.[6] This right is codified by Rule 62(c), which states in relevant part,

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.[7]

Defendants have issued a public notice of termination of BVH's Medicare provider agreement effective after the close of business on June 15, 2018. BVH seeks an injunction issued on or before June 15, in order to preserve the status quo pending its appeal to the Tenth Circuit.

In determining whether to issue an injunction pending appeal pursuant to Rule 62(c), a court should consider the following factors: (1) whether the movant is likely to succeed on the merits of its appeal; (2) whether the movant will be irreparably injured absent an injunction; (3) whether the issuance of the injunction will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[8]

---

[5] *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.").

[6] *See Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922).

[7] Fed. R. Civ. P. 62(c); 11 C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2904 (3d ed.).

[8] *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001).

## II.  Discussion

### A.  Jurisdiction

As a threshold issue, the Court addresses Defendants' argument that relief under Rule 62(c) is inappropriate because this Court has determined it lacks jurisdiction and dismissed the case under Fed. R. Civ. P. 12(b)(1), without considering BVH's motion for preliminary injunction.[9] In support of its request, BVH cites *Peak Medical Oklahoma No. 5 v. Sebelius*, where the Northern District of Oklahoma granted an injunction pending appeal following dismissal for lack of subject matter jurisdiction of plaintiff medical provider's action to enjoin HHS and CMS from terminating its Medicare and Medicaid rights.[10] In that case, a TRO was entered and the final order dismissing the matter dissolved it.[11] In analyzing the request for injunction pending appeal, the court "observe[d] the inconsistent nature of considering the merits of this motion after finding an absence of subject matter jurisdiction," but because defendants did not argue that, and there seemed to be conflicting opinions on whether it was permitted, the court allowed it.[12] The matter was not resolved by the Tenth Circuit, however, because the parties voluntarily dismissed the appeal.[13]

By contrast, Defendants in this case strongly oppose the issuance of an injunction where the Court has determined no jurisdiction exists. Defendants argue that, having already determined that it lacks subject matter jurisdiction over BVH's motion for preliminary injunction in the underlying proceedings, it follows that this Court also lacks the authority to provide

---

[9] Doc. 28 at 25–26.

[10] No. 10-597-TCK, 2010 WL 4809319, at *5 (N.D. Okla. Nov. 18, 2010).

[11] *Peak Med. Okla. No. 5 v. Sebelius*, No. 10-597-TCK, 2010 WL 4637511, at *9 (N.D. Okla. Nov. 10, 2010).

[12] 2010 WL 4809319, at *1 n.2 (collecting cases).

[13] *Peak Med. Okla. No. 5 v. Sebelius*, No. 10-5145 (10th Cir. Dec. 12, 2011).

3

injunctive relief to BVH pending appeal. The Court finds Defendants' argument persuasive and shares the *Peak Medical* court's reservation about whether relief is appropriate. Granting an injunction pending appeal under the circumstances of this case goes beyond maintaining the status quo. Indeed, it effectively grants BVH the relief it sought in the underlying proceedings, which this Court determined it did not have jurisdiction to consider, thus effectively divesting the Tenth Circuit of jurisdiction. The Court therefore denies the motion for injunction pending appeal for lack of jurisdiction.

### B. Rule 62(c) Factors

Even assuming it has jurisdiction, however, after applying the four factors cited above, the Court finds that BVH has not met its burden of demonstrating that an injunction pending appeal is warranted.

#### *Irreparable Harm/Public Interest*

A movant satisfies the irreparable harm requirement by demonstrating "a significant risk that [it] will experience harm that cannot be compensated after the fact by monetary damages."[14] This factor is satisfied where "[a] plaintiff who can show a significant risk of irreparable harm has demonstrated that the harm is not speculative."[15]

BVH argues the irreparable harm that will result to BVH, its employees, patients, and the community absent an injunction pending appeal is "irreparable and devastating." There is no serious dispute that if BVH's provider certification is terminated, BVH will also lose its Medicare and related Medicaid revenue. Even if retroactive payments could be made, BVH contends the lack of revenue would force the hospital to close. In the Medicare context,

---

[14]*RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009).

[15]*Id.* (internal citations omitted).

4

however, Congress factored in the possibility that the administrative appeals process preceding retroactive payments would result in "individual, delay-related hardship."[16] The Supreme Court explained, "Congress must have felt that cases of individual hardship resulting from delays in the administrative process had to be balanced against the potential for overly casual or premature judicial intervention in an administrative system that processes literally millions of claims every year."[17] Courts have recognized that "participation in the Medicare program is a voluntary undertaking" and "involves a degree of risk."[18]

BVH's claim of harm to patients is substantively the same as its claim that an injunction is in the public interest. BVH argues that it provides "unique and vital" medical and surgical services to patients who are "grossly underserved" in the surrounding community. BVH focuses on the low number of facilities in the region that provide bariatric surgery to Medicare patients. Third-party customers, however, have no "substantive right" to the provider of their choice.[19] Further, BVH's claim that there are no concerns about patient care surrounding the termination decision ignores the deficiency findings from the re-survey conducted in April 2018, which directly implicate patient care.[20] The Court finds the irreparable harm factor weighs partially in favor of BVH, and the public interest factor is neutral.

### *Harm to Defendants*

After determining the harm that would be suffered by the moving party if the preliminary

---

[16] *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 13 (1984).

[17] *Hecker v. Ringer*, 466 U.S. 602, 627 (1984).

[18] *Livingston Care Ctr., Inc. v. United States*, 934 F.2d 719, 720–21 (6th Cir. 1991); *see Arriva Med. LLC v. U.S. Dep't Health & Human Servs.*, 239 F. Supp. 3d 266, 282 (D.D.C. 2017) (noting Medicare regulations specifically state "Payment is not made during the appeals process.") (citing 42 C.F.R. § 424.545(a)(2)).

[19] *Arriva*, 239 F. Supp. 3d at 284 (citing *O'Bannon v. Town Court Nursing Ctr.*, 447 U.S. 773, 786 (1980)).

[20] Doc. 28 at 8–9.

injunction is not granted, the court must then weigh that harm against the harm to the defendant if the injunction is granted.[21] BVH suggests that there is no harm to CMS if BVH is allowed to continue operating as a Medicare-certified hospital because CMS will merely be paying for services rendered to patients, which serves a valuable public interest. As Defendants point out, however, BVH receives Medicare reimbursement as a certified hospital at nearly double the reimbursement rate than it would receive as an outpatient facility, given the higher operating costs generally incurred by acute care hospitals. BVH argues, in effect, that CMS will not be harmed by continuing to pay BVH at the higher rate because it is going to have to pay another facility for providing services to Medicare beneficiaries, so it might as well be BVH. Defendants argue BVH's argument goes to the heart of program integrity and weighs against the issuance of an injunction. While a supersedeas bond may alleviate some financial risk to CMS, Defendants maintain that it cannot protect patients or the integrity of the Medicare program. And although BVH may serve a unique bariatric surgery patient population, this is not a case where greater pubic interests are served by avoiding the traumas and difficulties commonly associated with facility displacement, as was the case with the provider nursing home in *Peak Medical*.[22]

BVH's argument that there is no "pressing justification to rush to termination" is unavailing. The survey process began in November 2017. BVH was notified of the termination decision in February 2018 and given a chance to correct the problems. It was granted another month and a second survey to demonstrate compliance in April 2018, which resulted in more deficiencies. This Court has recognized Defendants' strong interest in "expeditious provider termination."[23] When weighed against the risk of harm to BVH, this factor slightly favors the

---

[21] *Universal Engraving v. Duarte*, 519 F. Supp. 2d 1140, 1149 (D. Kan. 2007).

[22] 2010 WL 4809319, at *4.

[23] Doc. 28 at 24.

hospital.

### *Likelihood of Success on the Merits*

BVH argues that in assessing the likelihood of success on appeal, this factor is analyzed under a relaxed and more lenient standard where the other three harm factors balance in BVH's favor. Thus, it argues, probability of success is demonstrated if it "has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation."[24] As Defendants point out, however, the Tenth Circuit no longer applies a "modified test" for determining temporary or preliminary injunctive relief,[25] and courts have concluded the test is likely abrogated with respect to injunctions and stays pending appeal.[26] Under either standard, however, BVH has not demonstrated it is likely to succeed on appeal of this Court's decision that it lacks subject matter jurisdiction.

First, BVH argues that the Tenth Circuit has yet to address whether 42 U.S.C. § 405(h) deprives a district court of subject matter jurisdiction to grant preliminary injunctive relief pending a medical provider's administrative appeal. Again citing *Peak Medical*, BVH suggests there is conflicting authority regarding a court's ability to grant preliminary injunctive relief pending the outcome of an administrative appeal brought under the Medicare Act.[27] In *Peak Medical*, however, the court rejected plaintiff's argument that its claim for injunctive relief arises under Section 705 of the Administrative Procedure Act instead of the Medicare Act, and thus

---

[24]*Peak Med. Okla.*, 2010 WL 4809319, at *9–10 (citing *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F. 3d 850, 852 (10th Cir. 2003)).

[25]*Diné Citizens Against Ruining Our Env. v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016).

[26]*Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1093 (D.N.M. 2017) ("Accordingly, because the Supreme Court has articulated largely the same requirements for stays pending appeal as for injunctions, the relaxed likelihood-of-success test is likely abrogated with respect to both injunctions and stays pending appeal.").

[27]*Peak Med. of Okla.*, 2010 WL 4809319, at *2 (collecting cases).

"trumps or moots" the exhaustion requirements of the Medicare Act.[28] Moreover, the authority referenced by the *Peak Medical* court are not lines of cases that conflict with the general rule requiring administrative channeling, but instead analyze the "wholly collateral"[29] and the "no review at all" exceptions to that rule.[30] Thus, it is not apparent how the "same legal question is at the heart of this case and remains unresolved by the Tenth Circuit," as BVH urges.[31] Instead, as this Court held, the well-established law surrounding the strict administrative exhaustion requirement in § 405(h) originates with Supreme Court precedent dating back nearly forty years.[32] BVH cites no authority or compelling legal or factual support for its interpretation of § 405 that warrants injunctive relief pending review.

Second, BVH's arguments regarding its purportedly collateral procedural due process claims merely restate the arguments rejected by the Court in its order dismissing the case for lack of jurisdiction. BVH overlooks the fact that "the overwhelming majority of circuit courts of appeals, including the Tenth Circuit, have determined that Medicare providers enjoy no constitutional right to a pre-termination hearing."[33] Further, while BVH suggests that the only issue in this case is a collateral due process demand for a pre-termination hearing, it continues to fall back on its arguments about the promulgation of the S&C Memo.[34] The Court agrees with

---

[28]*Id.*

[29]*See, e.g., Cathedral Rock of N. Coll. Hill, Inc. v. Shalala*, 223 F.3d 354, 358, 362 (6th Cir. 2000).

[30]*See Pathfinder Healthcare, Inc. v. Thompson*, 177 F. Supp. 2d 895, 896–97 (D. Ark. 2001); *Frontier Health Inc. v. Shalala*, 113 F. Supp. 2d 1192, 1193 (E.D. Tenn. 2000).

[31]Doc. 34 at 17–18.

[32]Doc. 28 at 12–13 (citing *Hecker v. Ringer*, 466 U.S. 602, 614–15 (1984); *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 13 (1984).

[33]*Id.* at 21 (citing *THI of Kan. at Highland Park, LLC v. Sebelius*, No. 13-2360-JAR-JPO, 2013 WL 4047570, at *8 n.27 (D. Kan. Aug. 9, 2013) (citing cases); *Arriva*, 239 F. Supp. 3d at 287 (collecting cases).

[34]Doc. 34 at 19–20.

Defendants that BVH's attempt to characterize the same arguments about the S&C Memo that are claimed in its administrative appeal as "context" appears to be an attempt to conjure a collateral claim for jurisdictional purposes. Moreover, BVH also overlooks that courts that proceeded to analyze collateral due process claims for a pre-termination hearing under preliminary injunction standards use the *Eldridge* balancing factors to determine likelihood of success on the merits.[35] Thus, even if the harm factors tip in its favor, BVH has presented no meritorious argument that it would be likely to succeed on appeal.

The Court concludes that, assuming it has jurisdiction to consider the request under Rule 62(c), BVH has not demonstrated that it is entitled to an injunction to preserve the status quo pending appeal of the Court's June 7 Order. Accordingly, BVH's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Emergency Motion for an Injunction Pending Appeal (Doc. 34) is **denied.**

**IT IS SO ORDERED.**

Dated: June 14, 2018

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE

---

[35] Doc. 28 at 25 n.96 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).